UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHNATHON WHITMAN,<br>Defendant. | Case No. 12-cr-00894-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION**<br><br>Docket No. 38 |

On August 9, 2017, the Court held a hearing on Defendant Johnathon Whitman's motion for early termination of probation pursuant to 18 U.S.C. § 3564(c). *See* Docket No. 38. At the conclusion of the hearing, the Court **GRANTED** the motion. *See* Docket No. 43. For the reasons stated in the record and as summarized and supplemented herein, the Court memorializes its order.

## I. DISCUSSION

Early termination of probation is governed by 18 U.S.C. § 3564(c). It provides that the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

The probationer need not prove exceptionally good behavior or changed circumstances in order to receive early termination relief. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (holding that section 3583(e)(1) "does not support a legal standard that categorically requires a petitioner to demonstrate an undue hardship. District courts are directed to exercise discretion in light of a broad range of factors, and therefore a blanket rule denying early

termination whenever a defendant fails to prove undue hardship would completely disregard the statute.") (internal quotations and .. omitted).

In this case, early termination is warranted in light of Whitman's outstanding conduct while on probation and the Court's belief that continued supervision would not serve the interest of justice. The Probation Office, which has supervised Whitman over the past 43 months, agrees.

Whitman had fully complied with the conditions of his supervision and has satisfied his significant financial obligations during the first two years of his probation. He has been employed consistently since 2002 in the information technology industry. Since January 2014, he has been working for VMware Inc., where he received several promotions and is currently a Staff Systems Engineer. While on probation, he purchased a home in Roseville, California, where he moved together with his wife and two daughters in order to be closer to his aging grandmother.

Given the nature of Whitman's offense, his history, and characteristics, and taking into account his exemplary behavior while on probation, the Court finds that there is no indication that he will commit another offense is his probation is terminated early. Continued supervision is not necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C). Moreover, Whitman has already served 43 months out of 48 months. This has adequately fulfilled the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See id*. § 3553(a)(2)(A). For the same reason, it has also fulfilled its deterrent function. *See id*. § 3553(a)(2)(B). Finally, given Whitman's steady employment, probation is not necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Id*. § 3553(a)(2)(D). Indeed, continued supervision in this case may impede his professional travel. Continuing Whitman on probation would not serve any purpose under § 3555(a).

///
///
///
///
///

## II. CONCLUSION

Early termination of Whitman's term of probation is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Accordingly, the Court **GRANTED** Whitman's motion and terminated his probation effective August 9, 2017.

This order disposes of Docket No. 38.

**IT IS SO ORDERED**.

Dated: August 14, 2017

_____
EDWARD M. CHEN
United States District Judge